[Crim. No. 127.   Third Appellate District.—January 24, 1910.]

## In the Matter of the Application of T. KAWAGUCHI, for Writ of Habeas Corpus.

CRIMINAL LAW — COMMITMENT FOR MURDER — SUFFICIENCY OF EVI-DENCE—INCOMPETENT EVIDENCE.—Where there is a sufficiency of competent evidence to sustain a commitment for murder, the fact that the committing magistrate admitted a mass of incompetent and hearsay evidence will not affect the legality of the commitment.

ID.—OFFICE OF WRIT OF HABEAS CORPUS.—The writ of *habeas corpus* cannot be made to perform the function of a writ of error to review the admission of incompetent evidence, upon a commitment for murder; and the petitioner will be remanded where there is a sufficiency of competent evidence to sustain the commitment.

PETITION for discharge of a prisoner from the custody of the sheriff of Sacramento County upon a commitment for murder.

The facts are stated in the opinion of the court.

McCurdy & McCurdy, and S. Luke Howe, for Petitioner.

Frank Atkinson, Deputy District Attorney of Sacramento County, for Respondent.

HART, J.—The petitioner is held in custody by the sheriff of Sacramento county under an order of commitment for the crime of murder, said order having been made on the twenty-seventh day of December, 1909, by the justice of the peace of Sacramento township, in said county, acting in his *ex officio* capacity as magistrate.

The petitioner now claims that the magistrate was without jurisdiction to commit him for trial for the alleged reason that the evidence upon which said commitment is founded is insufficient to disclose that a public offense was committed, or, if such offense is sufficiently shown, that there is not enough evidence to establish "sufficient cause to believe the defendant (petitioner) guilty thereof." (Pen. Code, sec. 872.)

A copy of the stenographer's transcript of the testimony received by the magistrate at the examination of the charge accompanies the petition here and is made a part thereof, and it is very clear, from an examination of said testimony, that the contention of the petitioner cannot be sustained. The testimony discloses that the homicide occurred at Courtland, in Sacramento county, on or about the twelfth day of May, 1909. The deceased, one Nagatani, and the petitioner and two other Japanese, who were jointly charged with the petitioner for the crime of murder in the deposition upon which the warrant of arrest was issued, had been, on the day of the homicide, drinking together at the boarding-house of one Arinobu, at Courtland, and that at that time they were all apparently on friendly terms with each other. Finally, all these parties left the drinking place together, going out of the building and to the rear thereof. Subsequently all but the deceased returned to the boarding-house, and when Arinobu made inquiry as to the whereabouts of the deceased, he was told by the petitioner and one Daimaru that he had been killed. The petitioner then admitted to Arinobu that he had inflicted a knife wound in the abdomen of the deceased.

The coroner testified that, upon holding an inquest to determine the cause of the death of Nagatani, he examined the dead body and found therein a number of knife and gunshot wounds. Arinobu testified that he was well acquainted with the deceased, and declared that the dead body was that of Nagatani.

The foregoing is a brief *résumé* of the facts proved before the magistrate, and obviously they are sufficient to support the order of commitment.

Counsel for petitioner point out a mass of hearsay and, therefore, incompetent testimony which was given before the magistrate, and insist that such testimony is insufficient to justify the order of commitment. If all the testimony upon which the commitment was ordered was identically of the same character as that to which we refer, there might perhaps be some basis for the claim that the order committing the petitioner for trial was without authority or beyond the power of the magistrate, for the law does not contemplate that a party shall be put upon his trial for a felony under

an information having for its sole support a commitment based entirely upon hearsay or incompetent evidence. Such evidence is in fact no evidence at all. But, as we have shown, there is competent evidence disclosed by the transcript tending to establish the offense, and sufficiently showing the petitioner's connection with the perpetration thereof, and, therefore, we are, manifestly, not concerned in this proceeding with the rulings of the magistrate admitting hearsay evidence. In other words, the remedy here applied for cannot be made to serve the office of a writ of error.

The suggestion that the *corpus delicti* was not sufficiently proved to warrant the reception of evidence by the magistrate tending to connect the petitioner with the commission of the alleged crime is without merit, as must be manifest from the facts which we have shown were proved at the examination of the charge.

The magistrate was fully warranted in committing the petitioner for trial for the crime of murder upon the evidence presented before him, and the writ must, therefore, be discharged and the petitioner remanded. Such is the order.

Chipman, P. J., and Burnett, J., concurred.